IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD DEE CARPENTER,**

   **Petitioner,**

**v.**                   **Civil Action No. 3:06cv140**
                         **(Judge Bailey)**

**WILLIAM M. FOX,**

   **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On December 28, 2006, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On March 14, 2007, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. Therefore, the respondent was directed to file a response and did so on June 6, 2007, by filing an answer and motion to dismiss as untimely. On June 8, 2007, the Court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in which the petitioner was advised of his right to file material responsive to the defendant's motion to dismiss. On July 12, 2007, the Court granted the petitioner an extension of time to file a reply to the respondent's dispositive motion. The petitioner's reply was due August 8, 2007. As of the date of this opinion, the petitioner has not filed a reply.

### I. Procedural History

**A.** **Petitioners' Conviction and Sentence**

According to the pleadings, on April 26, 2002, the petitioner pleaded guilty to 14 counts of Sexual Abuse in the First Degree in the Circuit Court of Kanawha County. The petitioner agreed

to such plea after his original 1988 conviction was vacated during state habeas proceedings.[1]

By order entered September 3, 2002, the Kanawha County Circuit Court sentenced the petitioner to consecutive sentences of one to five years on each count, with credit for time served of 14 years, 23 days. The petitioner did not file an appeal of his conviction and sentence.

On January 11, 2006, the petitioner filed a state habeas corpus petition in the Circuit Court of Kanawha County challenging his 2002 conviction and sentence. By order entered June 7, 2006, the Circuit Court denied the petition on all grounds. The petitioner's appeal of that decision to the West Virginia Supreme Court of Appeals was refused on December 6, 2006.

## B. **The Respondent's Motion to Dismiss**

In the motion to dismiss, the respondent asserts that the petition is untimely filed. In support of this claim, the respondent asserts that the petitioner's 2002 sentence became final on January 3, 2003. Therefore, the respondent asserts that the petitioner's one year time limitation under 28 U.S.C. § 2244(d)(2) began to run on January 4, 2003, and continued to run until it expired on January 3, 2004. The respondent further argues that because no event occurred during that time which would have tolled the one-year limitation, the instant petition is untimely and should be dismissed. In addition, the respondent notes that the petitioner's 2006 state habeas petition could not toll the one-year limitation because there was nothing left to toll at that time.

## II. **Analysis**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus

---

[1] Because the petitioner's 1988 conviction has been vacated, and the petitioner has since been reconvicted and resentenced, the 1988 conviction and sentence are irrelevant to the timeliness of the instant petition. Thus, the Court will not address that conviction in further detail.

petition. 28 U.S.C. §2244(d).[2] Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[3] the petitioner had one-year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly untimely. The petitioner did not file a direct appeal of his 2002 conviction and sentence. Therefore, his one-year limitation period began running upon the expiration of the time for seeking such review. Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, the petitioner had four months to file his appeal. Thus, his 2002 conviction and sentence became final on January 3, 2003. Consequently, the petitioner's one-year limitation period began to run on January 4, 2003. See Fed.R.Civ.P. 6(a); Hernandez v. Caldwell, 225 F.3d

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

[3] 28 U.S.C. § 2244(d)(2).

435, 439 (4th Cir. 2000) (applying Rule 6(a) to the AEDPA one-year limitation period). Because no event took place within the next year to toll the limitations period, the one-year limitations period expired on January 3, 2004. Moreover, the petitioner's state habeas petition filed on January 11, 2006, could not toll the one-year limitations period as there was nothing left to toll at that time. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled").

### III.  Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss Petition as Untimely Filed (dckt. 14) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the

United States District Court for the Northern District of West Virginia.

DATED: November 15, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE