# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**RONALD DEE CARPENTER,**

    Petitioner,

v.                                     **CIVIL ACTION NO. 3:06-CV-140**
                                                          **(BAILEY)**

**WILLIAM M. FOX,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Kaull filed his R & R on November 15, 2007 [Doc. 19]. In that filing, the magistrate judge recommended that this Court dismiss the petitioner's application under 28 U.S.C. § 2254 [Doc. 1].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R & R were due November 30, 2007 [Doc. 19], pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The Court notes that service of the R & R upon the petitioner was accepted November 21, 2007. To date, neither party has filed objections to the R & R. Accordingly, this Court will review the report and recommendation for clear error.

According to the pleadings, on April 26, 2002, the petitioner pleaded guilty to 14 counts of Sexual Abuse in the First Degree in the Circuit Court of Kanawha County. The petitioner agreed to such plea after his original 1988 conviction was vacated during state habeas proceedings.

By order entered September 3, 2002, the Kanawha County Circuit Court sentenced the petitioner to consecutive sentences of one to five years on each count, with credit for time served of 14 years, 23 days. The petitioner did not file an appeal of his conviction and sentence.

On January 11, 2006, the petitioner filed a state habeas corpus petition in the Circuit Court of Kanawha County challenging his 2002 conviction and sentence. By order entered June 7, 2006, the Circuit Court denied the petition on all grounds. The petitioner's appeal of that decision to the West Virginia Supreme Court of Appeals was refused on December 6, 2006.

The petitioner filed his petition under 28 U.S.C. § 2254 [Doc. 1] on December 28, 2006. In response, the respondent filed a Motion to Dismiss Petition as Untimely Filed [Doc. 14] on June 6, 2007. Then, on July 12, 2007, the Court granted the petitioner an extension of time to file a reply to the respondent's dispositive motion. The petitioner's

reply was extended until August 8, 2007.  As of the date of this opinion, the petitioner has not filed a reply.

In the motion to dismiss, the respondent asserts that the petition is untimely filed.  In support of this claim, the respondent asserts that the petitioner's 2002 sentence became final on January 3, 2003.  Therefore, the respondent asserts that the petitioner's one year time limitation under 28 U.S.C. § 2244(d)(2) began to run on January 4, 2003, and continued to run until it expired on January 3, 2004.  The respondent further argues that because no event occurred during that time which would have tolled the one-year limitation, the instant petition is untimely and should be dismissed.  In addition, the respondent notes that the petitioner's 2006 state habeas petition could not toll the one-year limitation because there was nothing left to toll at that time.  This Court agrees.

Therefore, upon careful review of the R & R, it is the opinion of this Court that the magistrate judge's **Opinion/Report and Recommendation** [Doc. 19] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Therefore, the Respondent's Motion to Dismiss Petition as Untimely Filed [Doc. 14] is hereby **GRANTED**.  Accordingly, the Court hereby **DISMISSES with prejudice** the petitioner's application under 28 U.S.C. § 2254 [Doc. 1] and **ORDERS** it **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a true copy to the *pro se* petitioner.

**DATED:** December 20, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE